May it please the Court, Deputy Attorney General Scott Hale on behalf of the Respondent. With the Court's permission, I'd like to reserve five minutes of my time for rebuttal. Your Honors, the second order issued in this case is for one purpose and one purpose only, and that is to keep out of evidence at any potential State Court retrial. Materials disclosed by Petitioner to Respondent in this case following numerous attacks on trial counsel's confidence and a coinciding waiver of his attorney-client privilege. I gather if the privilege has been waived and if you go back to State Court the State can obtain the same materials from defense counsel independent of the fact that the Attorney General has a copy of the materials. Well, the State might be able to request them I don't think anything stops the State from requesting them. I doubt that Mr. Bittaker's lawyers are going to stipulate that they should be turned over. I'm not saying they would stipulate, but the order here does not seem to prevent that. All it says is the Attorney General can't turn over its materials. I don't see how it stops the State Court from ordering Bittaker's first lawyer from turning over the materials required for that lawyer to turn over the materials again to the State. How does it in any way stop the State Court from doing that? I don't think it does, Your Honor. I don't think it does stop them. So when you're talking about interference with the State Court's processes, I don't quite understand. If the privilege no longer exists then the lawyer, Bittaker's trial lawyer, can be required to produce the documents again and again and again, right? I think that's true. So what is it about this order that interferes with that process? Well, the fact that this order it's clearly attempting to do that, Your Honor. I mean, if it was just a matter of controlling... You know, we use language. What is it in the language of the order that stops... I certainly see that the order prevents the Attorney General from turning over the materials. That I understand. We can talk about that in a minute. But I don't see what would prevent the State Court from ordering Bittaker's lawyer from turning over the materials once again. I think the position is good. That something in this protective order would stop a State Court from ordering a retrial from turning over materials. Not a trial attorney. Bittaker's original trial attorney. Yeah, no, I don't think that this order stops that. I don't think that this protective order prevents that. So what's the big problem? Well, the big problem is if that's okay, Your Honor, if it would be okay to do it that way, then this order serves no purpose other than to stop the dissemination now. And I don't know what reasonable legitimate purpose a federal habeas court would have in stopping dissemination during the federal proceedings if these materials could be... Because, counsel, you would then need to still go into State Court and ask the State judge to exercise discretion and authority to order the turnover. That means that you would then have the State processes that you're so fond of. Give the State judge a chance to do their job. Whereas if the Attorney General can simply turn over the materials without it, then the State judges don't get to do that. So there is a difference in that in one instance the State judges get to apply the privilege and get to make a judgment, whereas as you would have it, that would never happen. I mean, there is a difference. I don't know whether it's a persuasive difference or not, but there is a difference. Respectfully, Your Honor, I disagree that under one scenario the State court judge would get a chance to make a decision and under the other that the judge would not, because either way, if Respondent were to disclose the materials that we obtained in the course of these federal habeas proceedings to the District Attorney's Office before a retrial, the issue of whether the privilege has been waived and their admissibility is still going to get litigated... Oh, yes, but right now there's no pending State proceedings. So the only federal habeas proceeding... Why can't a federal district court control the unfolding of evidence for purposes of that proceeding? You haven't alleged that there's any interference with your ability to defend this federal habeas circumstance. We look at the... There's some California authority that says in the California side of things, if this were being litigated in a habeas proceeding, we have the Gallego order that restricted the use of the information, didn't allow you to turn it over, had to be kept under seal. You have the Phillips case that creates I think it's Phillips that creates... Dennis, excuse me, that created use immunity for post-trial new trial motion. So under the State side, there's the opportunity for Bideker to argue that whatever disclosure he makes ought to be limited. There's no interference with that process at the moment. There's no State proceeding for Bideker to go in and challenge whatever you start doing by disseminating materials out of the federal habeas to feed to the prosecutors, potential prosecutors, assuming there's a retrial. There's not even a retrial that's been ordered here yet. That's very true, Your Honor. So why... What's the problem here? Well... First of all... I know you didn't like Osbam, but decide from that. First of all, Your Honor, if it's true that there really is no State trial pending, and why are we talking about this? I think that that's another excellent example as to why the order's invalid in the first place, considering it's seeking to extend its power beyond the... It's just preserving the status quo and limiting the use of the evidence in the proceeding that's currently pending. Why should there be any predetermination? Why should the State be free to go out and use this material in any way it wants? Feed it to the district attorney and say, put this in your files. Take all the leads you can from this. Why is that something that the federal district court can't control? If you wind up in a retrial situation, any of this material, is that ever relevant to you? You can either come back to this district court and say, vacate the order. You got the order vacated in the case you cited, Hunter v. Woodford. Judge Ware vacated the order. It went back to the State trial court, and you were all on your merry way. Well, the order was vacated under Anderson. Well, okay. But that could be the remedy. Judge Ware said, I warned Bitteker, I warned Hunter, that this order was subject to being revisited. Now I revisit it. And he vacated the order. That's within the discretion of the district court at the time when it's relevant. And there's been no effort to vacate this order because you need to have some information fed to anybody else. You haven't shown any current disabilities, as I read the record. Well, in terms of trying to produce material to the DA's office for purposes of retrial, you're absolutely right. And as a practical matter, we don't litigate these federal habeas courses with an eye towards it being a retrial. Our hope is that there never is one. So we use them simply as a practical and realistic matter just for purposes of litigating the case. But there is another clause in the protective order designed to facilitate that main purpose which says, we can't disclose these materials to anybody outside our office unless we go back to court and get an order to do it. Is that your particular problem? In other words, looking at the language of the order, is it page ER8, the fourth line down, these documents material may be used only by the representatives from the office of the California AG, and then only for purposes? Is that, I'm having trouble understanding what the State's position is here. What is the particular passage in the order that you feel is problematic? Well, you certainly don't disagree that there can be a protective order of some sort. Not known to ever purport to extend beyond the conclusion of the federal habeas proceedings themselves. All right. Well, where is it that, what is it in this order that does that? This order shall continue in effect after the conclusion of the habeas court proceedings, and specifically shall apply in the event of a retrial. Where are you on that? What page are you on? ER9. I was actually quoting from our brief, Your Honor. Okay, line 3, line 3, line 4, on the second page, ER9. This order shall continue in effect? Yes, Your Honor. In other words, if that particular sentence were deleted, would this case go away? I think the whole order goes away at that point in time, because the rest of the order is designed to facilitate that purpose only. That once you get rid of the notion that the federal habeas court could extend its jurisdiction beyond the federal habeas proceedings, the rest of the protections provided for in the order become unnecessary. But it then says at the end of that sentence, except that either party maintains the right to request modification or vacation of this entry upon, of this order upon entry of final judgment in this matter, and then later, handwritten, this court may vacate this order at any time. Very true, Your Honor, but we ran into trouble in McDowell under those kind of circumstances, where we did go back to the court and, granted, it was a different procedural posture because we sought reconsideration in the form of a 59E motion. But the potential that we'd be in a situation where we might not get that an overstander of review that we get if we appeal the order right now gave us cause to seek it right now. I don't know But the fact that the order says that you can vacate it later if there's a reason to do it may be a reason to uphold it right now as it's unspaced valid. The fact that we could go in and ask for vacation or modification, I don't even think that the order needs to say that for that to be a reality. I think that you can always do that if you have appropriate reasons. And the fact that that's in there, I don't think, makes the protective order any more valid. Can I ask another question? This is only a discovery protective order. There was some material in your brief that suggested that it would necessarily carry over to the introduction of evidence into court. That isn't necessarily true, is it? In other words, either at trial, at a hearing on the habeas or a summary judgment on the habeas or anything like that, presumably there would have to be a second sealing order or something like that. Otherwise, discovery protective orders don't govern what is introduced in trial. Is that right or wrong? I think that generally that's correct, but I'm not sure that again, that the yeah, they might have to get another order to do that. I don't know. So the representations that this has anything to do with what's going to come into the record in the trial and the habeas, it's just not true? I don't know that it's not true, Your Honor. I think it very well may be true. I'm not sure exactly what additional steps, if any, would need to be taken. I think that the purpose of this order, this order in itself, because Petitioner did ask But it's only an order under Rule 26. That's all it is. Well, respectfully, Your Honor, I don't think Rule 26 would allow a Federal habeas court to issue an order that it purports to extend beyond Federal habeas. No, no, no. But I'm talking about something else. I'm talking about what This is from a trade secret case. You know, a trade secret case. District Court answers a discovery order. You know, you're familiar with those orders. It says, you know, you can turn these materials have to be turned over to opposing counsel, but counsel may not turn them over to the client. And then you get another case in State court, and they say, oh, this would be very relevant materials for us to use in the State court litigation. Let's say, for example, the partner that receives the materials that has a dispute among the partners, some sort of dispute where this asset turns out to be quite relevant. We routinely extend those orders. We have a limitation on the use of the materials. Nobody ever complains about it. If you want the materials to be there for the State litigation, you discover them. You try to get discovery. You argue and you go, you argue, whatever. But I've never heard a case in a civil context where a limitation on the use of materials was State court proceeding. Why is this case different? I think there's a big difference, Your Honor. In the first place, those trade secret cases, a lot of the times, I think the material that's disclosed is still considered to be privileged, which is exactly why the protective order is issued in the first place, to preserve a privilege that's still intact, which you don't have here. But that's not necessarily true at all. I mean, protective orders don't have to be related to privileged material. It could be related to private material or things that for some reason it would be inappropriate to disclose. You can't disclose materials that are embarrassing. There are all sorts of protective orders that have nothing to do with privilege. It's simply the judgment of the court that yes, you can have the materials for the purposes of litigation because it would be unfair to deny them. But you can't do that by mail. You can't publish them in the New York Times and publish them because that's not a little bit different to using the materials. You get stuff like this all the time. How is this case different? It's different because it's a habeas case and habeas courts have extremely limited jurisdiction in terms of what power they can exercise. Habeas courts under 2254A have the power to adjudicate claims by state inmates in custody alleging violations of their constitutional rights. And the remedy that can be provided is a conditional granting of the writ, which is release them or let them go. But to have a protective order that says, and in addition, if there's any state court retrial, any of the materials that were produced in the federal habeas case can't come in, makes this very different than a trade secret case. But if you say it can't come in and two or three of us have already corrected you on that, there's nothing in this order that says it can't come in. All it says is the attorney general can't turn it away. If the attorney general can give this amount away, you have already admitted in response to my recent version that you have to get a different order keeping the materials from being unveiled. Isn't that right? Yes, Your Honor. And I'm not disputing that. But, I mean, if I can take that notion a step further, then ---- But let me just clarify what I was saying. I'm not talking about the state court. Now, I'm talking about the federal court. If they wanted to introduce in the record in the federal court, they'd have to get another order. If you wanted to introduce this material in the record in the federal court, they'd have to get an order stopping you from doing that, right? Arguably. I don't know if that's what the district court contemplates. Let's suppose you move to introduce his deposition testimony as affirmative evidence and it's full or the testimony of his lawyer, either one, in open court, federal habeas proceeding, so that everybody in the world who's in that courtroom can hear it. There is nothing in this order that prevents that. They may think that that might waive the privilege because it's now been disclosed more broadly or whatever they think. Judge Berzon is suggesting, I believe, that you would then force them to say, Your Honor, we want the protective order extended to these proceedings. We want people excluded. We want it under seal. We want whatever steps they can take so they aren't guilty in their mind of on a broader basis than they need in order to prove their ineffective assistance claim in the federal habeas. That's their whole thrust, as I understand it. They want their protective order to be sure that they don't go somewhere else after this proceeding and get met with the argument. They have waived the privilege for all purposes. That's what the trade secret protective orders do. That's what you do when you have a malpractice claim. You have all sorts of things where you enter a protective order. I'm still having trouble. I look at this order and Judge Berzon says, Shall apply in the event of a retrial or any portion of a petitioner's criminal case except that either party maintains the right to request modification. And we're dealing with hypotheticals here. We're dealing with a hypothetical of what happens in the federal proceeding if you try to introduce evidence and there's no current state proceeding where you are being hampered whatsoever. Again, Your Honor, I think if the court's perception is that everything is hypothetical, then that's just another reason that this is not. They are trying. Their argument is, and maybe you could respond to that. Maybe I'm wrong then. But I understand that they're saying they don't want to get met with an argument that they have waived the privilege by not attempting to constrain it to the proceeding in which it was waived. I think all they'd ever have to do is raise that objection. They don't need a protective order that does that. And to answer your question. But you're saying you wouldn't argue. You would not argue as the state that they waived it for all purposes if they tried to go back to the state court and say, Your Honor, we only disclosed those attorney-client communications because we had to assert our constitutional right to a fair trial. And the state would say, We agree. They didn't waive it by doing that. I'd agree that they didn't waive the right to make that argument in state court. Absolutely. That's what this whole case is about, is that that's where this argument should take place in the first place. Well, that's what makes me wonder whether this is really ripe at this point. Has the state stopped from doing anything right now? Yes. What? The order says that we can't disclose any of this information to anybody outside the Attorney General's office unless we get a court order. All right. But you're not complaining about that. You're complaining about the future aspect of what will happen in the event of a retrial. I think that's the fundamental infirmity with this order, Your Honor. But everything else in it is tied to effectuating that purpose. And the part that says we can't disclose anything now has consequences on us right now. Is there something you want to disclose to somebody? Absolutely. We already dealt with this problem in the context of this case, that something came up in the course of Mr. Bideker's deposition that was inconsistent with information that I had from the district attorney's office. And what did you do? Excuse me? What did you do then? When that happened, what did you do? Did you go to the court and say, I want to be able to disclose this to you? I called opposing counsel and said, first of all, I'd like to be able to produce Mr. Bideker's deposition to our mental health expert, which they agreed to. Second, I'd like to discuss some of these matters with the district attorney's office based on things that Mr. Bideker said at his deposition. They said, we won't agree to that. We'll have to litigate that. And? And I didn't have time to do it. I don't have time to go to court every time that I need to have a telephone conversation with someone from the district attorney's office or the law enforcement officers that investigated the case. That has nothing to do with the subsequent retrial, which is what the premise of your argument was. This is all in the interest of preventing this information from coming in at the retrial stage. Well, again, Your Honor, I think that that is the fundamental purpose of this order. And if the court's position is that that issue is not right, then the court had no power to issue the order in the first place. So you're saying that there's no authority on a federal district court because of the limited status of habeas corpus to enter a protective order that it can enter in its discretion in all sorts of other cases. I don't think a federal habeas court has the power to enter a protective order that extends beyond the boundaries of the federal case. The U.S. Supreme Court. Your other problem is that because of McDowell, even though in some sense the issues may not be right, if you don't challenge it now, you can't get de novo review if you try to challenge it later. That's what McDowell says, right? Yes, Your Honor. In other words, McDowell, if you come up later and say two years from now, a retrial schedule, so you want to get this order lifted, so you go back to Judge Byrne and say, well, we want reconsideration. And then if he says no, you can only come back here on the basis of clear error, right? That's certainly a possibility that we fear, which is why we appeal this right now. But that would be a potential consequence. Are you saying, Your Honor, to kind of get the impression that what you're really saying is that without this information that's contained in the lawyer's deposition that the state just doesn't have a good case? That's not what I'm saying at all, Your Honor. That's the way it sounds to me.  The point that I'm trying to make is that when you're in a situation dealing with unprivileged information by this court's own case law, that we shouldn't be- Can we talk about that for a minute? Excuse me? Can we talk about that for a minute? Your premise of your whole argument is that by raising ineffective assistance of counsel claim, this was a total, complete, and unequivocal waiver of the attorney-client privilege for all purposes. And I thought the case that you relied on said a little bit less than that. And I'm wondering, since you only have a little bit more time left, whether we could discuss that issue. The case you relied on from our court was in a very different context and was not a case involving retrial. What authority do you- First of all, let me ask you a prior question. Is the question of the privilege, whether the privilege exists or not, a question of federal law or a question of state law? And so the second part of the question being, and whatever it is, whatever the privilege is, is the waiver, are the rules of waiver federal or state? The federal court, in the case of the habeas proceedings, when making a determination as to whether or not the privilege has been waived, they analyze that under federal law, which I think is what happened. Is the privilege itself governed by state law or by federal law? When we get back to state court, if there were to be a state court retrial, the question as to whether the privilege was waived, even by doing something in federal court, is going to be analyzed under state law. But I'm asking for purposes of- Your argument, as I understand it, is the district court had no discretion under Rule 26 to issue this order because there was no privilege to protect left. It was all waived. So the question of whether or not the privilege survives raising this claim is sort of at the heart of your claim. Is that a question of federal law or is that a question of state law? In federal. Right here and now before us, is that the degree of waiver? Federal law. Okay. What do you have that supports your proposition that by raising an ineffectiveness claim in federal court, the petitioner has unequivocally, completely waived his attorney-client privilege for all purposes? What authority do you have for that? Well, Wharton says it and Anderson says it. Wharton, that was the name of the case I was looking for. I have read Wharton and Wharton seemed to say something quite different to me. Wharton, in any event, is a three-judge panel opinion of this court and therefore not binding on us. You're running out of time so we can talk about Wharton, but I did read Wharton very carefully and I thought it really didn't quite get you there. What is it that is binding on us in any sense or persuasive that supports your claim of absolute unconditional waiver of privilege? No three-judge panel obviously could issue any ruling that would bind this court. Well, Supreme Court would help. Yes. Ruling from another circuit would be very helpful to you or anything else. I haven't found a thing other than statements in your brief which are very sort of convinced of this, but why on earth would we hold that? I mean, this is a federal habeas proceeding. You are allowed to look at privileged materials for the purpose of litigating fairly the claim of ineffectiveness. Why on earth would we hold that that waives the privilege as to all matters for all times and all proceedings? I'm not quite what is the authority for that? I think that if this court wanted to make it the law in the Ninth Circuit, then. I'm asking you what support you have for your position. I don't want to do anything. I would like to follow precedent. What do you offer as precedent for that position? I don't believe this court has ever been asked to address this. If you were writing an opinion book, what would you cite? Just give me one minute, Your Honor. The Magna Carta. You've got Judge Mikvas' opinion in the SEC cases, but that's pretty far afield. Excuse me? You've got Judge Mikvas' opinion in the SEC cases, Permian, but he was a very new judge at the time. I think my wife was working for him at the time. But that's very far afield. Well, I mean, those cases that are cited on our opening brief between pages 52 and. . . Can you give us names, actual names? United States v. Woodall is one. That was an en banc case out of Fifth Circuit. And to quote that case, they said, The client cannot be permitted to pick and choose among his opponents, waiving the privilege for some, and resurrecting the claim of confidentiality to obstruct others or to invoke the privilege as to communicate. . . Wasn't Woodall a claim where there was a complete waiver in the sense that they didn't preserve anything? And now they went back and say, well, we have a waiver. We don't need to waive everything. We have limitations. Whereas here they've been very careful to say we waive nothing, that we don't have to. Isn't that what Woodall was? I don't know that that's what Woodall was, Your Honor. I mean, I think that the principle that Woodall and all those cases that are cited on those pages stand for is that that's a bell that's generally not unrung. I have a somewhat related but different question. The other thing you keep saying is that this is only an evidentiary privilege. But isn't there a constitutional element to the attorney-client privilege in this context? I assume that if the State of California had a policy of appointing counsel but saying that anything that was said between counsel and the client was to be turned over to the DA, that would not be providing counsel. No, not the constitutional provision of counsel, right? That's probably my next question. I really like that question. The point is this, that if there is some constitutional aspect to the attorney-client privilege, that is something that should be addressed in the regular course of judicial review, not starting with the Federal Habeas Court. No, but one of the justifications for this protective order is that without it, you would have an immediate present invasion of, arguably, of a constitutional right to confidentiality in the course of litigating the unconstitutionality of the provision of counsel. In other words, the only way you could litigate the effectiveness of counsel was to give up the effectiveness of counsel. That's been the rule for a while, Your Honor, in terms of if you're going to attack your attorney's confidence, plenty of cases. And like I said, all the cases do that. But doing it for the purposes of the litigation is one thing. And doing it for the purposes such that you're never going to get back an effective counsel because neither your new counsel nor your old counsel is going to be able to be effective in a constitutional sense is another thing. I mean, once you go back to a new trial, what's the point of the new counsel at that point? The whole confidential conversations have already been revealed. The new right to counsel isn't worth a lot at that point. Isn't that what People v. Dennis recognized? I don't think that that case goes nearly that far, Your Honor. It recognizes that in order to attack the effectiveness of counsel, if you turn around and use that, it implicates the right of self-incrimination, against self-incrimination. They specifically recognize it. That's why they granted the use immunity. They go through that specific analysis. Your Honor, I see my time is right up. Can I answer your question? That is pretty much the whole point that we're raising right here, is that if the State of California, if the California Supreme Court wants to make that the rule in California, then it should be able to do that. But this order, this protective order that, of course, will extend beyond the boundaries of the study of the habeas case, makes that very complicated, if not impossible. Thank you, counsel. Good morning, Your Honors. My name is Renee Maness. I'm with the Federal Public Defender, and I'm representing the Petitioner, Mr. Bideker. The protective order in this issue, in this case, was issued by Judge Byrne, pursuant to the Federal Rules of Civil Procedure. Habeas Rule 6 incorporates the Federal Rules of Civil Procedure to all habeas actions in the State of California. And specifically says, a party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if and to the extent that the judge, in the exercise of his discretion, and for good cause shown, grants leave to do so, but not otherwise. But the order goes a little farther than most of the stuff we have on this. It actually purports to speak the conduct of a future trial in State court. It sort of butts up against comity and federalism. I believe counsel for Respondent specifically says there's nothing in this order that precludes the district attorney from retrial in State court, from asking that State court to require these documents to be turned over in a State court proceedings. We did not ask. You don't practice in State court. I have. Yes, Your Honor. You have? I know discovery goes one way in criminal proceedings. And it's usually from him to you, not the other way around. Is there discovery going the other way in State court? Yes. In criminal actions there's now what they call the reciprocal discovery proceedings. That was adopted by Proposition 8. The very recent decision of the California Supreme Court in Inree Scott discusses those in a habeas context and requires in a habeas context and in order to show cause, the Petitioner would have to produce out of trial counsel files documents that comply with the reciprocal discovery procedures. I believe those are prior statements of witnesses. Any witness that they are going to present or any expert they would have to produce to the district attorney. And we are not contesting that those procedures would probably be applicable in the event of any retrial, even to the extent there are documents. Would you, if there were that proceeding, and, of course, you might not be counsel at that point, but you're speaking for Mr. Bindergaard and, therefore, what you say is binding on him, would you represent the counsel in that proceeding would refrain from arguing that Judge Burns' order is a bar to that discovery? To discovery under Proposition 8, I do not believe that any counsel for Mr. Bindergaard could in good faith argue that this order precludes the requirements of California's reciprocal criminal discovery proceedings in a State court trial. But those obligations don't extend to the files of former counsel, does it? That's an interesting question, because, of course, Mr. Bindergaard was originally tried prior to the date of Proposition 8 being enacted. And I believe they would be under the recent In re. Scott case, because In re. Scott was the case prior to the date of Proposition 8 in the habeas proceedings. They required counsel in habeas. Just to be clear, I did not ask you to represent what arguments counsel might make under Proposition 8. It's inapplicability or anything. Obviously, you can't represent that. I was only asking about arguing that this order, Judge Burns' order, would act as a bar. Of course, counsel could make any other arguments as to Proposition 8. Yes. And certainly I don't want to interfere with subsequent counsel for Mr. Bindergaard's ability to argue anything. I don't believe in good faith they could present an argument that Judge Burns' protective order somehow precludes Petitioner from complying, who will then be defendant, from complying with his obligations under Proposition 8 or excuses it. And I think to the other hand, were there no protective order, presumably there might be a problem, because the material would have already been waived. Correct. But is the obligation of Proposition 8 the limit of the people's right to discover? As I understand it, in criminal trial proceedings in the State of California, those are the current statutory provisions governing discovery from the defendant to the prosecutor. Now, even if the people didn't have further discovery, there's nothing to prohibit the DA from issuing a subpoena DT to the lawyers to make him show up for trial with his file. Is there? Correct. He could attempt to issue a subpoena, I'm sure, counsel for then-defendant Mr. Bindergaard. And you'd be fighting it out in State court? They would certainly fight it out in State court pursuant to State law. Which brings us back to the particular provision on page 2 of the order, line 4 through 7, complain about Mr. Hayward. In light of your concession, why is this in here? And why are you fighting for it? Because this order does not govern the conduct of either the district attorney or the petitioner who will become a defendant in State court. It governs only the conduct of the representatives of the Office of the Attorney General. And he will not the representatives of the Office of the Attorney General and Respondent Warden will not be a party to the criminal proceeding in State court. Usually. I'm sorry? They're not prevented from being a party. Usually. I mean, I see no reason for them to be a party. I don't believe Mr. Hayward has raised an issue that he intends to be a party. In State court, the State will order production from the then-defendant, the current petitioner, and nothing in this order says current petitioner can't be ordered to produce documents. Let me get back to Federal procedure. You have said in opening remarks that the discretion of the district judge or the district judge has a discretion of whether or not to issue an order, presumably the scope of the order. What bounds or what governs the extent of that discretion? Is there no limit to it? I believe that in particular discovery orders are reviewed for abuse of discretion. That's my question. What's the limit of that discretion? In other words, what amounts to an abuse? I think that there has to be found that the judge was acting erroneously under the law and or he completely misunderstood the facts. Well, would it be erroneous? I mean, for instance, if Mr. Hayward's argument is correct that a habeas petitioner who alleges ineffective assistance waives the attorney-client privilege as to those matters put an issue, you know, just as someone who alleges malpractice does, waives the privilege. But if that assertion is correct, then would it be erroneous to grant a protective order to preserve that very privilege once the law says it's waived? The question is when does the waiver occur? And the law in both the Ninth Circuit and in the State of California under the Tenenbaum case is that the waiver only occurs upon production of those documents. And what the law tells counsel is be very careful. Assert your waiver at all point or assert your privilege at all points in time. But that's what the order says. You know, as to the documents produced to the Attorney General, we can't show it to anybody. In other words, they've been produced, so presumably there's been a waiver. Even in spite of that, you're saying the Federal court can say, well, I'm going to limit the waiver? It's really not a waiver? Those documents were produced after the protective order was issued. They were produced with a specific notation that they were pursuant to the protective order. Every single document for a watermark. Isn't it also true that in order to have a protective order, you don't have to have a privilege, do you? That's true as well. You can have simply, you know. I mean, this information is still private information, which, just as Judge Kuczynski was saying earlier, can be protected if it's a trade secret, protected if it's financial information of a company, protected if it's medical information of an individual, protected if it's private information. This was a private conversation, whether it's evidentially privileged or not, and why can't it be protected? We believe it can't. Certainly. Everything that happens between an attorney and his client in preparation for litigation is subject to that attorney-client privilege, subject to the Sixth Amendment right to the effective assistance of counsel, which is why. Most of the, you know, most of the protective orders I've seen as a district judge, I mean, they have some basis other than, you know, wanting to limit exposure in this sense. I mean, for instance, talk about, well, there's the interest of privacy. If there's a privacy interest to protect, you know, such as medical information, financial information, you know, information in domestic relations cases, if there's a privacy interest, especially in California with the constitutional protection, then I think that's a legitimate basis to protect that, even though it might be required in discovery. Two, trade secrets, you know, because trade secrets are not waived. It may be necessary to get information about trade secrets, you know, whether they're processes or customer financial information, you know, to get that evidence of that. It's certainly usually not waived, so you want to protect that. So there's a basis because the person producing the information still holds the trade secret, hasn't waived it. Or the person producing the information has a privacy interest in, say, personal financial information. In other words, what I'm saying is most protective orders have some other basis on which to base the exercise of discretion in favor of nondisclosure, remembering that, you know, under our system, discovery documents are part of the public court record. So what is the other interest in this case if you accept that the privilege is waived? We do not accept that the privilege is waived. We believe we have very carefully preserved the privilege. Well, can you cite law that says, you know, say either in a malpractice case or a habeas case, when somebody asserts their attorney was guilty of malpractice, that that doesn't waive the privilege with respect to those issues? Yes, Your Honor. I believe that we presented in our brief several... Your argument that what you're trying ultimately to protect... Well, that's what I'm trying, that's the question I'm trying to make sure. Because I understand your argument to be that you're protecting the underlying constitutional issue here. So it isn't as if you waive it for all purposes. You're trying to protect against it being used more broadly than the issue. And after you answer Judge Tashima's question, if I've got it wrong, could you address whether we need to reach whether there is in fact a constitutional privilege for purposes of the retrial? Do we have to reach that question, or can we simply decide that the protective order is valid without getting there? All right. Sorry to interrupt. No problem. Turning first to Judge Tashima's question, in our brief, starting at page 34, we discussed the numerous instances in which there are in fact limited waivers in order for issues to be litigated. Of course, one of the preeminent cases is Simmons v. United States. There can be a very limited waiver of a person's privilege of self-incrimination. The problem with Simmons is that you have two constitutional rights, and that drags us right down into the question of whether Judge Berzahn's very good question about whether or not the attorney-client privilege has a constitutional component. I think that's an excellent and excellent question, but you don't want to go there. I'm getting there. I mean, that's the problem with Simmons. Assume it's not a constitutional privilege. Assuming it's not a constitutional privilege, we come right back to whether it's a trademark, whether it's medical records, whether it's something that's embarrassing. But I think what Judge Tashima was saying is in all of those cases, you've got an interest that's protected under state law. Trademarks, state law protects state secrets. Privacy is protected by state law. In all those instances, you've got some right that even though it may not amount to a privilege, is a right protected by state law. And as I understand Judge Tashima's question, I'm sure he's tired of having people interpret his question, but if there is no state protected interest there, does the district court nevertheless have a right or power to limit disclosure? Why isn't it just like any other court document as to which anybody who pays the copying fee can walk into the clerk's office and get a copy? Even if it's not a constitutional right, district courts enter protective orders, and their discretion to enter protective orders is always reviewed for an abuse of discretion. And the case law repeatedly holds that the district court is in the best position to consider those issues. But usually the way there is no abuse of discretion is because the district court points to two interests. It says here's an interest in disclosure, but here's a countervailing interest. Usually the interest is privacy, constitutional right, whatever. Assume there's nothing here. Assume that there's only the generalized interest in disclosure, and state law provides no interest in anything that would keep this from being disclosed. Is there still no abuse of discretion? First, I believe California state law protects the attorney-client privilege, and including on retrial, there are specific California statutes which require all constitutional rights to reattach at retrial, and those are in our brief. So I'm not assuming that there is no state law privilege. I believe that, in fact, attorney-client files contain matters which almost always include medical information, include other embarrassing information. In a capital trial, if the counsel is doing his job, he knows everything about that client's life, maybe even more so than the client himself. Am I correct in my assumption that this is only a discovery order, that it isn't going to tell us anything even about what can be introduced into the federal habeas proceeding on the record, that you have to go back and get a second order to do that? Correct. And so the assumption that this even interferes with public records files isn't true because this material is not being introduced into the record. When it is introduced into the record, there will be a second set of proceedings about what's to be protected, sealed, or otherwise. Right? And that is absolutely correct. And it is, in fact, true that the Respondent has already filed some of the material in support of a very lengthy motion for summary judgment. They also filed a declaration of trial counsel in support of a very lengthy motion for summary judgment. They asked us to stipulate that they may turn over some of the protected material to a mental health professional. We did so. It is true that they asked us to stipulate to turn over some material to the district attorney's office. There's a dispute over the veracity of what that material is, and we said we don't understand the nature of the request, we would like you to litigate it out. The Attorney General, over a period of some nine months now, has never decided to litigate it out. Were those documents filed under seal? No, they were not. They're part of the public record. They're currently part of the public record. I have a question on part of an earlier answer you gave about state court proceedings. Let's assume in the federal court, as a part of this proceeding, that there's a document produced. Let's call it the widget document. And it's there, it's subject to this protective order. The Attorney General's office knows it's there. Of course, the district attorney's office does not. Let's assume, for the purpose of argument, it goes back. Granted it goes back, there's a retrial. Now the defendant gets up and testifies, wants to testify, there is no widget document, period, end of story. The Attorney General's office knows that's not true. The district attorney's office doesn't know that's not true. Absent some Proposition 8 problem, let's assume that doesn't apply either, how is anybody ever going to find out and bring to the court's attention that the defendant wants to lie? It is regrettable but true that defendants in criminal trials and even parties in civil trials and even witnesses to the prosecution in criminal trials sometimes commit perjury. Only when their lips are moving. I believe that certainly one would hope that a petitioner in habeas who knows his entire attorney client file has been turned over to the Attorney General would not be foolish enough to then get up on the stand and deny the existence of something he knows the Attorney General has. That is not foolish enough? You must not have been fencing very long. Long enough to know that they are in fact that foolish. If they do, then I believe certainly they'd be subject to a perjury prosecution or perhaps even while the criminal trial was ongoing. But as you see it, in my hypothetical then, as I get it, the answer would be for somehow the district attorney to tell the AG this is what's going on about the widget document and the AG then to come back to federal court and say this is going on in the retrial. We're told we want the widget document released. And I don't believe anybody intends to protect his order to protect the parties committing perjury. Is it necessary to put that much control from the federal court down into the state court? Once the state court has control of the raise of the case, the retrial, can't you just have the district court back off and let the state court processes hold on? As we have discussed and as Mr. Hayward has discussed, certainly the district attorney can move in state court to obtain those documents and perhaps he will be successful and perhaps he will himself discover that there is a widget document. But the issue in this case is there's language in this order that purports to reach into that next stage and bind the state court. Isn't that the issue that we have to deal with here? That's what Respondent contends. I find absolutely no language in the order that governs the state court from ordering either the defendant to turn over the documents or defendant's counsel to turn over the documents. The order only says the office of the attorney general should not turn over those documents unless it comes back to the district court and obtains an order allowing it to do so. Judge O'Scanlan, though, is referring to the second page of the order that begins, this order shall continue in effect after the conclusion of the habeas proceedings. Correct. What if we were to delete that? I believe even without that language that the intent of the order is that it continues after the habeas proceedings. I'm not sure that simply that we can delete that sentence. Would the order still serve the purposes that you intended in seeking the protective order? I suppose there's some risk that it would not. Why not? Because the attorney general may contend that after the habeas proceedings are completed, they can now post the documents on the Internet and give them to whoever they want. Well, without that sentence, does the order still protect your basis to claim the privilege in a potential retrial? I would prefer the language in there. I think that as a careful attorney, in order to make sure. Well, it either means something or it doesn't mean anything. And if it doesn't mean anything, then there's no harm in putting it in. If it's necessary, then you certainly want it in because otherwise the order stops at the end of the habeas proceedings, and that's certainly not what you want. I take it you always want the state attorney general until you've litigated the effect of disclosures in the federal habeas resolved by the state court. You always want the state attorney general foreclosed from disclosing information until you've had that hearing. Is that correct? Correct. We want to. And if there is an order of retrial or the conditional order of grant of the petition, at what point is there a state proceeding in which you can then litigate whether or not the state attorney general should disclose if this doesn't continue until there is such a state proceeding? I'm not sure if I made that clear. This continues beyond the judgment, okay? That assumes that there's a gap, perhaps. I'm asking, is there a gap then before there's a state proceeding in which the state attorney general can go and seek some relief, either come back to the federal district court or go to the state court and say, we now want to be able to disclose. If this ended as of the federal court habeas judgment, there would be no restraint on them at that point from disclosing. Correct, Your Honor. Where would you go to prevent them from doing so if this order were automatically I don't believe there would be any place to go. The standard habeas grant of relief, which, unfortunately, I've never seen in one of my cases, but I have read them, and they give the state 90 days to have a retrial. Therefore, there's a period of 90 days where there's no proceedings in any court. So there would be no ability to have a state court issue an order at that point in time. Counsel, in your view, to what extent was the attorney-client privilege way too excessive? Only to the extent necessary to allow a respondent to litigate our claims of ineffective assistance of counsel in the habeas case before the district court. Is that a matter of state law or federal law? Federal law, Your Honor. The waiver is to the federal court. So you've got the privilege and the waiver. It's the same question I ask the opposing counsel. Now, what happens? Either the privilege can be state law or federal, and the waiver can be state law or federal, and they don't have to each be in the same body of law. Let's start with the privilege. Is the attorney-client privilege that pertains to Whittaker's relationship with his counsel in his first criminal trial a matter of state law or federal law? In this case, I believe that it's, at the moment, a matter of federal law for the federal court to decide. Under 501. Under 501. Because it's not a diversity case. It's a non-diversity case. This is a federal question case. And even though the whole thing arose as a result of a trial in state court, it's not a matter of federal law. And the waiver, the rules of waiver, are federal or state? They are definitively federal because the entire process of discovery in a habeas case is governed by habeas rule six, a federal rule. What's your most painful case? The one that would support the attorney general's position that the waiver is complete, absolute, unequivocal for all time and all proceedings. And the reason I'm asking you the question of what is that case is because I want you to give a chance for you to address it. That case was obviously Anderson, Your Honor. And we believe, for any number of reasons, that Anderson was incorrectly decided. I don't believe he was. Okay. Put Anderson aside. Because Anderson assumed that to be the case and said, given that that's the case, that's our conclusion. To be blunt, Your Honor, I don't believe that there's a case out there which says the counsel who is correctly and carefully raising his attorney-client privilege can waive it inappropriately. Perhaps the case you previously referred to, United States v. Woodall, may be one of the stronger cases for responding. That's the Fifth Circuit case? That's the Fifth Circuit case. And then there's Wharton, our case. And then there's Wharton. Wharton addresses whether the federal court can issue a protective order governing parties to decide the proceedings. The district court reported to say you may not go talk to certain witnesses who are not parties to this proceedings. That was stepping beyond the bounds allowed of district court. Right. Because those parties worked before. That's why I thought it was not really helpful. Correct. And, in fact, counsel for responding, Mr. Hayworth, has talked to trial counsel, has obtained his declaration, has not been procured. There is a passing sentence in Wharton that says that there is a waiver. Yes. They seem to assume that there's a waiver of the attorney-client privilege, but it really wasn't the issue in the case. It wasn't the issue in the case. It was attempting to restrict the ability of anyone to go get any witnesses' information. Counsel, following up on Judge Kaczynski's several questions having to do with whether it's State or Federal, suppose you prevail in front of Judge Byrne and he finds there was ineffective assistance of counsel. Then the writ is issued. It goes back for retrial, does it not? Yes, it does. What are you going to argue in front of the State court at that point with respect to waiver and self and, you know, all your constitutional rights? I probably will not be counsel for Mr. Bittercourt. You'll have to do better than that. I'm assuming that he will argue that the waiver in Federal court was limited to Federal court proceedings and was a limited waiver, and will ask the State court to respect that the waiver was limited and will ask the State court to determine what he has to turn over in the State court proceedings under State law, such as Proposition 8. Well, let's say you were lucky enough to get us to hold that very thing today, or whenever we issue this opinion. I'm not promising anything, okay? I'm just saying let's say we come out with a ruling that says we've looked at the waiver, it's limited. Would that be binding on the State court? That's an interesting question. I thought about it all night. I mean, that's one of the issues here. To what extent does the court's order generate preclusive effects on all of the waiver and privilege issues once they do return to State court? I think every protective order in Federal court has that type of preclusive effect, where if parties are to engage in other litigation in another forum, either another State court, another Federal court. But it doesn't necessarily have a preclusive effect with regard to the substantive question of whether there was a waiver of attorney-client privilege as opposed to simply whether there's a protective order. As we were saying before, there would be a protective order maybe perhaps without an attorney-client privilege. So the protective order will be binding, but that doesn't mean that there's a legal determination with regard to attorney-client privilege that would be binding. Does it? I believe that the Federal court is the one who determines the extent of any waiver in Federal court. If the waiver occurs in Federal court, the Federal court is the one who says the scope of that waiver, whether that's a limited waiver. But neither the district court nor we necessarily have or need to decide that, do we? No, you don't. I don't believe that's a problem. At this point, there has been no retrial. One point I would like to make. And we don't need it necessarily to support the validity of the protective order. No. I don't believe you have to reach that issue. One point I would want to make is that to some extent we've been assuming that to the extent we're successful, we'll be successful on an effective assistance of counsel claim. I would like to point out that given current habeas practice and how this case is proceeding, we are engaged in mutual discovery on any number of claims, claims that the prosecutor committed misconduct, claims of violations of due process and equal protection. We may very well win a retrial for our client on a basis asserting something other than an effective assistance of counsel. Certainly, our client should not be required to give up his attorney-client privilege documents in order to prove that the prosecutor committed misconduct, which, given the mutual steps going on as all claims are being litigated, is precisely what would happen if he was to subsequently win on a prosecutorial matter. But isn't that a strategic choice you make as counsel? If you have concerns about that, you don't raise that particular issue. Counsel in habeas have to raise every viable issue, and we do not have the right to say we would first like to litigate only prosecutorial misconduct claims, and only if we lose those would we then like to litigate ineffective assistance of counsel. We are required to raise them all in one petition. Some judges may allow you to litigate some claims first. In this case, Judge Byrne specifically ordered all the parties to request all discovery on all claims mutually. So we don't have that decision power. We don't have that opportunity. Counsel, you have used your time. Thank you. Do any members of the Court have any further questions of the counsel for this date? Thank you.
judges: Schroeder, Pregerson, Kozinski, O'scannlain, Tg Nelson, Hawkins, Tashima, Fisher, Paez, Berzon, Rawlinson